An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEANDRA JOHNSTON,
Appellant,
vs.
OWEN JOHNSTON,
Respondent.

No. 60068

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a fast track child custody appeal from a district court order denying appellant's motion for permission to relocate with the parties' minor children to Idaho. Tenth Judicial District Court, Churchill County; William Rogers, Judge.

This court reviews a district court order regarding a motion to relocate outside of Nevada with minor children for an abuse of discretion. Trent v. Trent, 111 Nev. 309, 314, 890 P.2d 1309, 1312 (1995). We review de novo, however, whether the district court applied the correct legal standard in deciding the motion. See Potter v. Potter, 121 Nev. 613, 616-17, 119 P.3d 1246, 1248-49 (2005).

The starting point in determining whether to grant a motion to relocate outside of Nevada is the current custody arrangement. Rivero v. Rivero, 125 Nev. 410, 422, 216 P.3d 213, 222 (2009). Joint physical custody requires an analysis under Potter, while primary physical custody requires an analysis under NRS 125C.200 and Schwartz v. Schwartz, 107 Nev. 378, 812 P.2d 1268 (1991). Potter, 121 Nev. at 618, 119 P.3d at 1249. A parent has primary physical custody when he or she has custody of the children more than 60 percent of the time. Rivero, 125 Nev. at 427-28, 216 P.3d at 222. In this case, although the domesticated California child custody order, and respondent, state that the parties share physical

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05069

custody, respondent has custody of the children every other weekend during the school year, alternating two-week periods during the summer, and on half of the holidays. Thus, respondent has custody of the children for less than 100 days during the year. Because 100 days is less than 40 percent of the year, appellant has primary physical custody and respondent has visitation rights. Id. at 427, 216 P.3d at 225. Accordingly, NRS 125C.200 and the factors set forth under Schwartz are applicable to this case. Id. at 422, 216 P.3d at 222.

Under Schwartz, a court must first consider whether an "actual advantage" would be realized by the custodial parent and the children by the relocation before considering several additional factors. 107 Nev. at 382, 812 P.2d at 1271. Cases after Schwartz have refined this threshold question as requiring "a sensible, good faith reason for the move." Trent, 111 Nev. at 315, 890 P.2d at 1313. Once the custodial parent has provided a sensible, good-faith reason for moving, a court must consider the additional Schwartz factors, focusing on the availability of adequate alternative visitation. Id. at 315-16, 890 P.2d at 1313; Schwartz, 107 Nev. at 383, 812 P.2d at 1271. This court has repeatedly stated that when reasonable alternative visitation is available, the custodial parent may not be "chained" to Nevada solely because the noncustodial parent prefers consistent contact with his or her children. McGuinness v. McGuiness, 114 Nev. 1431, 1437-38, 970 P.2d 1074, 1078 (1998); Cook v. Cook, 111 Nev. 822, 827-28, 898 P.2d 702, 706; Trent, 111 Nev. at 317, 890 P.2d at 1314; Jones v. Jones, 110 Nev. 1253, 1264, 885 P.2d 563, 570 (1994). Depending on the circumstances, reasonable alternative visitation may include extended summer visitation in place of weekly or bi-weekly visitation. Schwartz, 107 Nev. at 385, 812 P.2d at 1272.

In this case, the district court found that appellant had failed to demonstrate a sensible, good-faith reason for the move and that the other Schwartz factors did not weigh in favor of permitting the move. In particular, the district court found that the distance between Sand Point, Idaho, where appellant sought to move, and Litchfield, California, where respondent lives, "by its very nature would clearly fail to foster and preserve the parental relationship," and that the distance "is clearly not in the children['s] best interest." The district court further found that longer duration but less frequent visitation "does not provide the week to week developmental attachment between the parents and children." The district court's findings regarding the Schwartz factors, however, are not supported by substantial evidence, and the district court's emphasis on the preservation of bi-weekly visitation is improper. Gepford v. Gepford, 116 Nev. 1033, 1036, 13 P.3d 47, 49 (2000) (holding that the district court's factual findings must be supported by substantial evidence); McGuinness, 114 Nev. at 1437-38, 970 P.2d at 1078 ("[T]he district court may not deny a motion to relocate solely to maintain the existing visitation pattern, even if relocation entails a shift away from consistent day-to-day contact[;] . . . placing improper emphasis on the fact that a move might prevent weekly visitation for one parent . . . [is] problematic." (quotation marks omitted)).

Appellant presented evidence that she is engaged, her fiancé lives in Nevada but works for a company located in Idaho, her fiancé has a promotion opportunity with his company if he moves to Idaho, her fiancé's family is in Idaho, and appellant has an employment opportunity in Idaho. Appellant also presented evidence that she was not employed and had no family in Nevada. Respondent conceded that appellant may be better off if she moved, and did not present any evidence rebutting appellant's reasons for wanting to move or showing that appellant wanted to move solely to

(O) 1947A

frustrate respondent's visitations rights. We conclude that appellant demonstrated sensible, good-faith reasons for the requested move, and that there is no substantial evidence supporting the district court's findings otherwise. Gepford, 116 Nev. at 1036, 13 P.3d at 49; see Cook, 111 Nev. at 828, 898 P.2d at 706 ("[A] desire to accept what amounts to a promotion, a higher salary, and a higher standard of living for [the child] is a sensible, good-faith reason to move."); Trent, 111 Nev. at 316, 890 P.2d at 1313 (holding that desiring to marry a person and the potential for improved financial stability were good-faith reasons for moving).

As for the availability of a reasonable alternative visitation schedule,[1] appellant offered respondent visitation during spring break and 12 weeks of summer break, and offered to discuss reasonable visitation arrangements during Thanksgiving and Christmas breaks. Although the relocation and this proposed visitation schedule would make weekly visitations impracticable, e-mail, the telephone, and Skype or similar face-to-face communication technology provide means by which respondent could continue to develop a meaningful relationship with his children. McGuinness, 114 Nev. at 1436, 970 P.2d at 1077-78.

The district court's order expressed concern over the parties' ability to pay for transportation of the children with this proposed visitation arrangement. In this regard, testimony indicated that appellant's fiancé earns over $90,000 per year and appellant has an employment offer in Idaho. No testimony indicated that appellant would not make a genuine effort to transport the children and enable respondent's visitation. Although respondent testified that he had limited

---

[1]We do not address the first four Schwartz factors in this order, because they are not determinative in this case.

means, respondent's lack of funds does not necessarily serve as a basis for denying a motion to relocate. Adjustments can be made to respondent's support obligations, or to appellant's obligation to fund transportation costs, in order to facilitate respondent's visitation. <u>Jones</u>, 110 Nev. at 1264, 885 P.2d at 571 (indicating that a mother was willing to forego support payments while the children were with the father during the summer); <u>Schwartz</u>, 107 Nev. at 385, 812 P.2d at 1272 (fixing the parties' obligations in regard to travel costs).

Having reviewed the parties' arguments and the record on appeal, we conclude that the district court abused its discretion in denying appellant's motion to relocate. A reasonable alternative visitation schedule with appropriate terms could be crafted and appellant's motion to relocate to Idaho should be granted. Accordingly, we reverse the judgment of the district court, and remand this case to the district court to enter an order granting appellant's motion to relocate and, if the parties cannot agree upon one themselves, to establish an appropriate visitation and travel arrangements.

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]We have determined that this appeal should be submitted for decision on the fast track statement and response and the appellate record without oral argument. NRAP 34(f)(1).

cc: Hon. William Rogers, District Judge
Carolyn Worrell, Settlement Judge
Evenson Law Office
Kristi Beth Luna
Churchill County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

6